```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

MASSACHUSETTS MUTUAL                                    PLAINTIFF
LIFE INSURANCE COMPANY

VS.                         CIVIL ACTION NO. 5:07-cv-00210-DCB-JMR

ERNEST LANE, III, as Co-Executor of the Estate of
James Oldrum Smith, Jr., deceased; TRUSTMARK
NATIONAL BANK, as Co-Executor of the Estate of
James Oldrum Smith, Jr., deceased; PATRICIA
PETERSON SMITH, LYN LUCKETT SMITH, individually
and as mother and natural guardian of Doe I, Doe II,
and Doe III, minors; DOE I, DOE II, DOE III, LELA
SMITH FLOWERS; PATRICK RAYMOND SMITH, JAMES
OLDRUM SMITH, III; SMITH TOWING COMPANY, INC.;
and TRUSTMARK NATIONAL BANK, as successor-in-interest
to First National Bank of Vicksburg, Mississippi       DEFENDANTS

                              ORDER

     This cause is before the Court on the plaintiff's Motion for Judgment of Dismissal and for Recovery of Attorney's Fees and Costs. **[docket entry 36].** Having carefully considered said motion in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

     Plaintiff, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), filed an Interpleader Complaint **[docket entry 1]** on November 15, 2007, pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332. On May 20, 2008, Mass Mutual filed the instant Motion for Judgment of Dismissal and for Recovery of Attorney's Fees and Costs **[docket entry 36].** In its Motion, Mass

Mutual requests that it be dismissed with prejudice from the action; that the defendants be enjoined from filing any future actions arising out of the insurance proceeds that are the subject of this suit; and that it be awarded attorney fees and costs in the amount of $12,500.00 incurred incident to this case. As of the date of this Order, the defendants have raised no opposition to the plaintiff's Motion.

The plaintiff bases its request for attorney fees upon the notion that it is a mere stakeholder and has no beneficial interest in the subject insurance proceeds. Mass Mutual correctly points out that a disinterested stakeholder who properly brings an interpleader proceeding is generally entitled, in the sound discretion of the Court, to a reasonable allowance for costs and attorney fees from the fund deposited in the Court. The plaintiff accurately states that this rule has been recognized in the United States District Courts for the Northern and Southern Districts of Mississippi. Maryland Cas. Co. v. Sauter, 377 F. Supp. 68, 70 (N.D. Miss. 1974); Merideth v. United States, 327 F. Supp. 429, 436 (N.D. Miss. 1970); Chevron Oil Co. v. Clark, 291 F. Supp. 552, 563 (S.D. Miss. 1968). Relying on these authorities, the plaintiff contends that it should be allowed to recover attorney fees from the funds it has interpled into the Registry of the Court.

Mass Mutual incorrectly concludes that it belongs to the class of disinterested stakeholders that is entitled to recover attorney

fees and costs out of the money deposited in the Registry of the Court. Each of the aforementioned cases merely outlines the parameters of the judicial doctrine upon which Mass Mutual bases its request for attorney fees and costs. In none of those cases did the court actually grant the relief Mass Mutual now seeks (i.e. dismissal, an injunction, and an award of attorney fees).

In Maryland Cas. Co., the court denied payment of attorney fees to the interpleader, Maryland Casualty Company. 377 F. Supp. at 68. The court found that the plaintiff was not a mere disinterested stakeholder since it had a great interest in the apportionment of damages that its client, the insured, had to pay to the individuals she injured. Id. at 70-71.

Although the holding in Merideth appears to weigh favorably for Mass Mutual, that case is distinguishable on its facts. 327 F. Supp. at 429. Merideth involved an interpleader action filed by a disbursing agent. Id. When the debtor and judgment creditors could not agree as to the distribution of the funds held by the disbursing agent, the agent filed an interpleader action. Id. at 431. The court found that the disbursing agent, was entitled to costs and reasonable attorney fees. Id. at 429. Unlike Mass Mutual in the present case, the interpleading plaintiff in Merideth was a disbursing agent dealing with another person's (the debtor's) money. The agent was thus a neutral party with no interest in the outcome of the suit.

Conversely, Mass Mutual is dealing with insurance proceeds that it must pay to one of the potential beneficiaries. Thus, Mass Mutual has an interest in the payment of the proceeds as well as an interest in to whom they are paid. This is evident by its fear of multiple and vexatious lawsuits.

Chevron is also factually distinguishable from the present case. Chevron involved an interpleader complaint filed by an oil company seeking to determine which party out of several had the oil and gas rights to a particular piece of property. 291 F. Supp. at 563. The holding in Chevron relevant to Mass Mutual's Motion is that the award of attorney fees and costs in an interpleader action is at the discretion of the court. The facts and outcome of Chevron are unsupportive of Mass Mutual's claim.

In the face of such distinctions between the instant action and the aforementioned cases cited by Mass Mutual, the plaintiff lacks support for its request for attorney fees and costs.

Cogan v. United States, 659 F. Supp. 353 (S.D. Miss. 1987), is a case directly on point with the present case. In Cogan, Progressive Casualty Insurance Company filed an interpleader complaint because it feared multiple and vexatious lawsuits arising out of an automobile accident. Id. at 354. Progressive was unsure as to what amount and to whom it should pay the insurance proceeds. Id. The plaintiff's complaint was coupled with a motion requesting the same relief which Mass Mutual now seeks. Id.

4

The Cogan court ordered that the insurer be dismissed from all liability under the subject insurance policy, effectively enjoining the potential policy beneficiaries from filing future claims based on the policy. Id. The court also dismissed the insurer with prejudice from the suit. Id. Furthermore, the court denied Progressive's request for attorney fees, reasoning that Progressive's filing of its interpleader action was "motivated by its own self interest" in avoiding multiple and vexatious lawsuits. Id. Thus, the court determined, Progressive was not a truly disinterested stakeholder entitled to recover attorney fees.

Mass Mutual faces a similar situation to Progressive's in the Cogan case. Motivated by a desire to avoid multiple and vexatious lawsuits, Mass Mutual filed an interpleader action. For that reason it cannot be considered a truly disinterested stakeholder entitled to recover attorney fees.

Based upon the foregoing, **IT IS HEREBY ORDERED** that the plaintiff Mass Mutual Life Insurance Company's Motion for Judgement of Dismissal and for Recovery of Attorney's Fees and Costs **[docket entry 36]** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED:**

A. That the sum of $294,182.47 deposited into the Registry of the Court is the total extent of Mass Mutual's liability to anyone under the subject policies, no. 2501136, no. 2862886, no. 3087239, and no. 3134132, as a result of the death of James Oldrum Smith

Jr.;

    B. That the Plaintiff be dismissed from any and all liability under the said insurance policy;

    C. That Mass Mutual be dismissed with prejudice from this action;

    D. That Mass Mutual's request for attorney fees and costs in the amount of $12,500.00 from the interpled funds in the Registry of this Court is hereby denied.

    **SO ORDERED**, this the 20th day of June 2008.

                                        s/ David Bramlette

                                        **UNITED STATES DISTRICT JUDGE**